UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

       - v. -                              **SEALED INDICTMENT**

YUBEL MENDEZ,                           06 Cr.
    a/k/a "Oregano,"

                    Defendant.

- - - - - - - - - - - - - - - - - -x

**06 CRIM. 506**

## COUNT ONE

The Grand Jury charges:

1.  From at least in or about October 2004 to in or about December 2005, in the Southern District of New York and elsewhere, YUBEL MENDEZ, a/k/a "Oregano," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that YUBEL MENDEZ, a/k/a "Oregano," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

1

OVERT ACTS

3.      In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

a.      In or about November 2004, YUBEL MENDEZ, a/k/a "Oregano," the defendant, and a co-conspirator not named as a defendant herein ("CC-1"), arranged to deliver a car containing a hidden compartment or "trap," for the purpose of transporting approximately 60 kilograms of cocaine, to the vicinity of 96th Street and Broadway in New York, New York.

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATION

4.      As a result of committing the controlled substance offense alleged in Count One of this Indictment, YUBEL MENDEZ, a/k/a "Oregano," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

Substitute Asset Provision

5.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____  6/15/06   _____
FOREPERSON                         MICHAEL J. GARCIA
                                   United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

YUBEL MENDEZ, a/k/a "Oregano"

Defendant.

### INDICTMENT

06 Cr.

(Title 21 Sections 841(a)(1), 846 and 853)

Michael J. Garcia
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

6/15/06

Post 11/8-

KC,
6/14/06

Indictment filed.

J. Maas, USMJ